338    APPELLATE COURTS OF ILLINOIS.

General Cement Gun Co. v. Temple E. & P. Co., 203 Ill. App. 338.

## General Cement Gun Company, Defendant in Error, v. Temple Engine & Pump Company, Plaintiff in Error.

### Gen. No. 21,616.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917. Rehearing denied February 20, 1917.

### Statement of the Case.

Action by General Cement Gun Company, a corporation, plaintiff, against the Temple Engine & Pump Company, a corporation, defendant, to recover the purchase price of a gasoline engine. From a verdict and judgment for plaintiff for $850, defendant brings error.

After considerable correspondence, in which defendant offered to sell to plaintiff the engine for $850, a pump for $39, a tank for $6, and a clutch and pulley for $25, making a total of $920, with a guaranty of the engine in certain respects and that it might be returned within a certain time and the purchase price would be refunded if it should prove not as represented, the plaintiff purchased the articles at the aggregate price given. Shortly after the engine was put in operation certain parts broke, whereupon plaintiff returned it, demanded return of the purchase price, and on refusal brought this action. There was some evidence on the part of defendant of an oral change in the contract at the time of delivering the order, which was denied by plaintiff. Defendant contended that its letter accepting the order constituted the contract irrespective of prior negotiations.

General Cement Gun Co. v. Temple E. & P. Co., 203 Ill. App. 338.

ARCHIBALD CATTELL and CARL A. WALDRON, for plaintiff in error.

WORTH E. CAYLOR, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 52*—*when question of what constitutes contract is for jury.* In an action to recover the purchase price paid for an engine under a contract made by correspondence and in part oral, *held* that it was a question for the jury to determine, under the instructions of the court, what constituted the contract between the parties.

2. SALES, § 59*—*when question of severableness of contract is for jury.* Where several articles upon which separate prices were quoted the buyer were finally sold altogether to him for the aggregate price given, with a guaranty of one of the articles and an agreement that it might be returned if it should prove not as represented and the purchase price therefor would be returned to the buyer, *held* that it was a question for the jury to determine whether the contract was severable, in an action for the return of the purchase price of such article after the article had been returned to the seller under such guaranty and agreement.

3. SALES, § 356*—*when evidence is sufficient to sustain finding that buyer has option of returning goods.* Where a buyer in his order for goods stated that he should have the option of returning them if found to be not as represented, and the seller in his acceptance of the order stated that he would make any imperfections right or take back the goods and return the money, *held* that the finding of the jury that the buyer had the option of returning the goods was conclusive as to the contract of the parties in that regard.

4. SALES, § 357*—*when instruction as to value of article sold is not erroneous.* Where the evidence showed a number of articles were sold at the aggregate of the separate prices quoted to the buyer shown in the evidence, *held* that there was no error in the court instructing the jury as to the price of one of such articles according to the amount shown in the evidence, in an action to recover such amount upon return of the article under the contract of sale.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. APPEAL AND ERROR, § 479*—*when objection as to insufficiency of instructions is made too late.* An objection that instructions are contradictory not made at the time the instructions were given cannot be made for the first time in the Appellate Court.